IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEXANDER JOSE DIAZ-CABRERA, : : : Petitioner : : CIVIL NO. 1:11-CV-1065 : v. : Hon. John E. Jones III : : WARDEN MARY E. SABOL, *et al.*, : : Respondents : | |

## **MEMORANDUM**

October 27, 2011

## **THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

On June 2, 2011, Petitioner Alexander Jose Diaz-Cabrera ("Petitioner" or "Diaz-Cabrera"), a former detainee of the United States Immigration and Customs Enforcement ("ICE") Office, who was being held at the York County Correctional Facility in York, Pennsylvania, initiated the above action through counsel by filing a Petition for Writ of Habeas Corpus ("Petition") under the provisions of 28 U.S.C. § 2241.  (Doc. 1.)  He challenged ICE's arrest and detention of him under the provisions of 8 U.S.C. § 1226(c) where ICE did not take him into custody immediately upon his release from criminal custody, but instead arrested him and took him into custody approximately six (6) years after his release from state confinement.

Diaz-Cabrera requested his immediate release or his release on reasonable bail from ICE custody following a bail hearing before a neutral judge.

In preparing to dispose of the instant Petition, this Court checked the status of Diaz-Cabrera's detention through the ICE Online Detainee Locator System.[1] The System indicates that Diaz-Cabrera no longer is in ICE custody.

## DISCUSSION

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "personal stake in the outcome of the lawsuit." *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477-78 (1990); *Preiser v. Newkirk,* 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. *Lewis,* 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the *continuing* existence of a live and acute controversy." *Steffel v. Thompson,* 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Id.* at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present

---

[1] *See* ICE Online Detainee Locator System, available at http://locator.ice.gov/

case or controversy . . . if unaccompanied by continuing, present adverse effects." *Rosenberg v. Meese,* 622 F.Supp. 1451, 1462 (S.D.N.Y.1985) (citing *O'Shea v. Littleton,* 414 U.S. 488, 495-96 (1974)); *see also Gaeta v. Gerlinski,* Civil No.3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

"[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition." *Lane v. Williams,* 455 U.S. 624, 631 (1982). In the context of federal habeas petitions brought by immigration detainees, it is well-settled that administrative action by immigration officials addressing the concerns raised by an alien's petition renders that petition moot. *Burke v. Gonzales*, 143 Fed. Appx. 474 (3d Cir. 2005); *Gopaul v. McElroy*, 115 Fed. Appx. 530 (3d Cir. 2004). Thus, for example, the dismissal of a habeas petition as moot is appropriate where a petitioner challenging his continued detention is released from ICE custody on an order of supervision. *See Phat v. Gonzales*, Civil No. 4:07-CV-0630, 2007 WL 2407287 (M.D. Pa. Aug. 21, 2007) (McClure, J.).

In the instant case, because Diaz-Cabrera no longer is in ICE custody, his request that this Court either order his release or order that he be released from ICE custody on reasonable bail after a bail hearing before a neutral judge is entirely moot, and the dismissal of his Petition as moot is therefore appropriate. An Order consistent with this Memorandum will enter on today's date.